MARILYN B. GUNNER--CA ST. BAR NO. 149540
Attorney At Law
P.O. Box 605
La Mesa, CA 91944
Telephone: 619-461-8716

Attorney for the Material Witness(es)

**United States District Court**

**Southern District of California**

(Hon. Barbara L. Major)

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0300DMS(BLM) |
|---|---|---|
| Plaintiff, | ) | **Material Witnesses' Memorandum Of Points And Authorities In Support Of Their Motion For Videotaped Depositions And Their Release From Custody** |
| v. | ) | |
| DIEGO COLIO-JIMENEZ, et al., | ) | Date: April 3, 2008 |
| Defendants. | ) | Time: 9:00 a.m. |
| | ) | Judge: Barbara L. Major |
| | | Room: A |

Material witnesses Damian Garcia-Garcia, Erika Garcia-Garcia, and Jane Doe (Nieves Montano-Salas) [the "Material Witnesses"], by and through attorney Ned Lynch, specially appearing for attorney Marilyn B. Gunner, submit the following memorandum of points and authorities in support of their motion to take their videotaped depositions and thereafter be released from custody.

**Case Overview**

On January 22, 2008 the Material Witnesses were detained in the Southern District of California in relation to the charges brought against defendants Diego Colio-Jimenez and Joaquin Chavez-Carbajal for violating 8 U.S.C. § 1324 by attempting to illegally smuggle the Material Witnesses and others into the U.S. as undocumented aliens. The Material Witnesses are allegedly being detained as a material witnesses under 18 U.S.C. § 3144.

1   The Material Witnesses have been unable to arrange for their release on bond, and by the
2   time this motion will be heard, they will have been in custody for over 10 weeks.  However, it is
3   unnecessary to keep the Material Witnesses in custody any longer, because their testimony can be
4   preserved by videotaped depositions.  The Material Witnesses therefore request the court order their
5   testimony be preserved by videotaped depositions, and that they thereafter be released immediately
6   from the custody of the U.S. Marshal and returned to their respective home country.

7   **The Testimony Of The Material Witness Can Be Secured By Videotape Deposition,**
8   **And There Is No Compelling Reason To Keep Him In Custody**
9   Title 18, section 3144 of the United States Code provides:

10  "No material witness may be detained . . . if the testimony of such witness can
    adequately be secured by deposition, and if further detention is not necessary to
11  prevent a failure of justice."

12  Depositions of material witnesses may be used at trial in criminal cases, so it is only in
13  exceptional circumstances, *where the interests of justice will be denied*, that a videotape deposition
14  is not appropriate.  [See IIRIRA § 219 (admissibility of videotape depositions); see also, United
15  States v. King 552 F.2d 833 (9th Cir. 1976) (cert. denied, 430 U.S. 966).]  The defendant may be
16  present at the videotape deposition and therefore have a full and fair opportunity to cross-examine
17  the witness.  The videotape provides a sufficient indicia of reliability to afford the trier of fact a
18  satisfactory basis for evaluating the truth of a statement.  [Dutton v. Evans, 400 U.S. 74, 89 (1970).]

19  The burden is on the objecting party to show that the use of deposition testimony will deny
20  defendant a fair trial and that live testimony would somehow be significantly different.  [United
21  States v. Humberto Rivera, 859 F.2d 1204, 1208 (4th Cir. 1988).]

22  The Material Witnesses should not be detained further because their testimony can be
23  adequately secured by videotaped depositions.  Based on interviews with the Material Witnesses and
24  the reports submitted by the arresting agency, the facts to which the Material Witnesses are
25  competent to testify are straight-forward. (See paragraph 6 of the declaration of attorney Ned Lynch
26  submitted with these points and authorities.)

27  The Material Witnesses have not been charged with any crimes, and they have already spent
28

1  a considerable amount of time in custody (over 10 weeks by the time this motion is heard), and it
2  is very important to them to be released as soon as possible.  As of the date of filing this motion, the
3  Material Witnesses have not or cannot find someone who legally resides in the United States who
4  is willing and approved to post the court bonds for them.  Potential avenues to locate a surety for the
5  Garcias have been explored to no avail.  The are the parents of two young children who rely on them
6  for support and care. Jane Doe remains in the intensive care unit of a local hospital due to injuries
7  she sustained from a vehicle accident pertaining to this case.  She has been separated from her family
8  since the accident on January 22, 2008.  Thus, the Material Witnesses are enduring emotional,
9  mental, and economic hardships from their indefinite incarceration, especially because they have not
10 been charged with any crime, and because they are separated from their families, including young
11 children.  (See paragraphs 3 and 4 of the declaration of attorney Ned Lynch submitted with these
12 points and authorities.)

13      Moreover, the Material Witnesses and their counsel have not been informed by the
14 government or defense attorneys of a specific reason why further detention of the witnesses is
15 necessary *to prevent a failure of justice*.  (See paragraph 5 of the declaration of Attorney Ned Lynch
16 submitted with these points and authorities.)

17 **Conclusion**

18      The Material Witnesses request the court immediately order their videotape depositions be
19 taken in accordance with the proposed order for videotape depositions of the Material Witnesses
20 (attached to this memorandum as Exhibit A), and that they thereafter be released immediately from
21 the custody of the U.S. Marshal.

22

23 Dated: March 19, 2008     S/Ned Lynch
                             Ned Lynch, specially appearing as the
24                           Attorney for the Material Witnesses
                             E-mail: nedlynch@aol.com
25

26

27

28

# Exhibit A
# Sample Draft Of The Order

**United States District Court**

**Southern District of California**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. _____ |
| Plaintiff, ) | **Deposition Order For Material Witnesses** |
| v. ) | |
| _____, ) | |
| Defendant. ) | |

Upon request of material witnesses _____ [the "material witness"], by and through their attorney, Ned Lynch, and good cause appearing:

**Order**

1. The material witnesses being held in custody in case number _____ shall be deposed on _____, at _____ a.m/p.m. The depositions will take place in the office of the United States Attorney located at 880 Front Street, Fifth Floor, San Diego, California.

2. All parties, meaning the United States and the defendant(s), shall attend the material witness depositions. The arresting agency shall bring the material witnesses to the depositions. If, in custody, the defendant shall be brought separately to the deposition and a marshal shall remain present during the proceeding.

3. The United States Attorney's Office shall provide a videotape operator ("operator") and, if necessary, arrange for a court-certified interpreter to be present for the material witnesses. The cost of the interpreter for the material witnesses shall be borne by the United States Attorney's

Office.

4. If a defendant needs an interpreter other than the interpreter for the material witnesses (if any), then defense counsel shall arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the defendant shall be paid by the court.

5. The United States Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony, serve as a notary and preside at the depositions in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost of the court reporter shall be borne by the United States Attorney's Office.

6. The depositions shall be recorded by videotape, meaning a magnetic tape that records sound as well as visual images. At the conclusion of each deposition, on the record, the witness or any party may elect to have the witness review the videotape record of the deposition to check for errors or omissions and to note any changes. Any errors, omissions or changes, and the reasons for making them, shall be stated in writing, signed by the witness, delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

7. The operator shall select and supply all equipment required to videotape the depositions and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witnesses and assures clear reproduction of both the witnesses' testimony and the statements of counsel. The witnesses, or any party to the action, may object on the record to the manner in which the operator handles of any of these matters. Any objections shall be considered by the court in ruling on the admissibility of the videotape record. All such objections shall be deemed waived unless made promptly after the objector knows, or had reasonable grounds to know, of the basis for such objections.

8. The depositions shall be recorded in a fair, impartial, and objective manner. The videotape equipment shall be focused on the witness; however, the operator may, when necessary or appropriate, focus upon charts, photographs, exhibits, or like material being shown to the witness.

9. Before examination of each witness begins, the Assistant U.S. Attorney shall state on the record his/her name; the date, time and place of the deposition; the name of the witness; the identity of the parties and the names of all persons present in the deposition room. The court reporter shall then swear the witness on the record. Prior to any counsel beginning an examination of each witness, that counsel shall identify himself/herself and his/her respective client on the record.

10. Once each deposition begins, the operator shall not stop the videotape recorder until the deposition concludes, except that, any party or the witness may request a brief recess, which request will be honored unless a party objects and specifies a good faith basis for the objection on the record. Each time the recording is stopped, the operator shall state on the record the time the recording stopped and the time it resumed. If the deposition requires the use of more than one tape, the operator shall sequentially identify on the record the end and beginning of each tape.

11. All objections both as to form and substance shall be recorded as if the objection had been overruled. The court shall rule on the objections at the appropriate time. The party raising the objection(s) shall prepare a transcript for the court to consider. All objections shall be deemed waived unless made during the deposition.

12. The party offering the deposition into evidence at trial shall provide the court with a transcript of the portions so offered.

13. Copies of all exhibits utilized during the videotaped deposition shall be attached to the videotape record.

14. At the conclusion of the depositions, any objection, including the basis, to release of the material witnesses from custody shall be stated on the record. If there is no objection, the attorney for the material witnesses shall immediately serve all parties with a "Stipulation and Proposed Order for Release of the Material Witnesses", and submit the Order to the Clerk of Court for the judge's signature. Prior to release from custody the attorney for the government shall serve the material witnesses with a subpoena for the trial date and a travel fund advance letter.

15. The operator shall provide a copy of the videotape depositions to any party who requests a copy at that party's expense. After preparing the requested copies, if any, the operator

1 shall deliver the original videotapes to the notary along with a certificate signed by the operator attesting that the videotapes are an accurate and complete record of the videotaped depositions.  The notary shall file the original tapes and certification with the Clerk of Court in a sealed envelope marked with the caption of the case, the name of the witnesses and date of the depositions.

16. The notary shall file with the Clerk of Court in a sealed envelope the original videotapes, along with the any exhibits offered during the depositions.  The sealed envelope shall be marked with the caption of the case, the name of the witnesses, and the date of the depositions.  To that envelope, the notary shall attach the certificate of the operator.  <u>If all counsel stipulate on the record, the government may maintain the original videotapes until production is ordered by the court or requested by any party.</u>

17. Unless waived by the parties, the notary shall give prompt notice to all parties of the filing of the videotaped depositions with the court pursuant to Federal Rule Civil Procedure 30(f)(3).

18. If any party objects on the record to the release of the material witnesses from custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned the case or to such other district judge or magistrate judge as they may designate. <u>Notice of the Request for Hearing must be served on all parties and filed with the Clerk of Court within twenty-four (24) hours after the completion of the depositions, with a courtesy copy to chambers.</u>  The court will set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable.  At the hearing, the objecting party must establish to the court's satisfaction an appropriate legal basis for the material witnesses to remain in custody.  If, after the hearing, the court orders the release of the material witnesses, the material witness attorney shall immediately present the release order to the court for signature and filing.  Before release of the material witnesses, the government shall serve the material witnesses with a subpoena for the trial date and a travel fund advance letter.

**It Is So Ordered.**

**Dated:**_____                                     _____
                                                                                                     **United States Magistrate Judge**